IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MATTHEW McBRIDE,                                                                              PLAINTIFF
Individually and as Class
Representative on Behalf of
All Similarly Situated Persons

VS.                                         CASE NO. 4:07-CV-4040

GODADDY.COM, INC. and
THE GO DADDY GROUP, INC.                                                                     DEFENDANTS

## ORDER

Before the Court is a Motion to Set Aside Entry of Default, filed on behalf of Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. (collectively "Go Daddy"). (Doc. 13). Pursuant to Fed. R. Civ. P. 55(c), Go Daddy seeks to have the Court set aside for good cause shown the Clerk's Entry of Default (Doc. 10) entered against them on June 14, 2007. Plaintiff Matthew McBride has responded. (Doc. 21). Go Daddy filed a reply to Plaintiff's response. (Doc. 23). The Court held a hearing on the Motion to Set Aside Entry of Default on November 16, 2007. (Doc. 37). The matter is ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Class Action Complaint against Go Daddy on April 18, 2007. (Doc. 1). Upon receipt of the Complaint, Go Daddy's general counsel and corporate secretary Christine Jones contacted counsel for Plaintiff regarding an "open-ended extension of time for Go Daddy to file a responsive pleading to the complaint." (Doc. 13-2, pg. 2). No motion or request for extension of time to answer or otherwise respond was filed or communicated to the Court, however. As a result, when Go Daddy's time to answer passed, the Clerk filed a Notice of Default Procedure. (Doc. 6). Complying with deadlines set forth in the Notice of Default Procedure, Plaintiff filed a Motion for

Default Judgment on June 13, 2007, (Doc. 7) accompanied by an Affidavit of in Support of Default. (Doc. 8). Go Daddy filed its Motion to Set Aside the Clerk's Entry of Default on August 27, 2007.

## II. LEGAL STANDARD

The Eighth Circuit Court of Appeals maintains a strong preference for adjudication of disputes on the merits, deeming it "likely that a party who promptly attacks an entry of default, rather than waiting for a default judgment to be granted, was guilty of mere oversight," and wishes to defend the case on the merits. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998); *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). To set aside an entry of default, the Eighth Circuit considers: 1) whether the conduct of the defaulting party was "blameworthy or culpable;" 2) whether the defaulting party has a meritorious defense; and 3) whether the other party will be prejudiced if the default were excused. *Johnson*, 140 F.3d at 784. Eighth Circuit cases make a distinction between "contumacious or intentional delay or disregard for deadlines and procedural rules and 'marginal failures' to meet pleading or other deadlines." *Id*.

The entry of default raises no protectable expectation that a default judgment will follow, however. Prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. *Swink v. City of Pagedale*, 810 F.2d 791, 792 n.2 (8th Cir. 1987). To defeat a motion to set aside an entry of default, Plaintiff must make a concrete showing of prejudice, such as a loss of evidence, increased difficulties in discovery or greater opportunities for fraud and collusion. *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).

## III. DISCUSSION

As noted at the hearing, the Court is satisfied that Go Daddy has shown good cause to set aside the Clerk's Entry of Default. The Court believes that Go Daddy has made a showing of a

potentially meritorious defense. The delay caused by Go Daddy's conduct has not materially prejudiced Plaintiff under Eighth Circuit guidelines. Go Daddy's actions in seeking an informal extension of time to answer, without Court approval, risked the very situation before the Court–the potential entry of a default judgment against Go Daddy. However, Go Daddy's conduct in this matter falls short of contumacious behavior or the kind of intentional delay that would support the issuance of a default judgment. Justice requires that this matter be decided on the merits, rather than by default.

Finally, the Court feels compelled to commend and thank counsel for Plaintiff for their exemplary professionalism and courteous handling of this dispute.

## IV. CONCLUSION

Accordingly, GoDaddy's Motion to Set Aside Entry of Default should be and hereby is **GRANTED**. The Clerk's Entry of Default against Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. is hereby **SET ASIDE** for good cause shown. Consequently, Plaintiff's Motion for Default Judgment must be **DENIED**.

**IT IS SO ORDERED**, this 28th day of November, 2007.

    /s/Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge