IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BARRY CRABB and MATTHEW
McBRIDE, Individually and as
Class Representatives on Behalf of
All Similarly Situated Persons                                    PLAINTIFFS


VS.                             CASE NO. 07-CV-4040


GODADDY.COM, INC. and
THE GO DADDY GROUP, INC.                                          DEFENDANTS


**ORDER**

Before the Court is Defendants' Renewed Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Jurisdiction and Improper Venue or For Transfer of Venue. (Doc. No. 78). Plaintiffs have responded to the motions. (Doc. Nos. 82, 99 and 106). Defendants have filed replies to Plaintiffs' responses. (Doc. Nos. 86, 103 and 105). The Court finds the matter ripe for consideration.

Plaintiffs Matthew McBride and Barry Crabb are individuals residing in the State of Texas. Defendants GoDaddy.com, Inc. and The Go Daddy Group, Inc. (collectively, "GoDaddy") are corporations organized and existing under the laws of the state of Arizona. GoDaddy is headquartered in Arizona and virtually all of its employees are located there. GoDaddy is one of the leading domain name registration and website hosting companies in the country. For a fee, customers may register a domain name for their business or other organization on GoDaddy's computer servers located in Maricopa County, Arizona. These services are accessible to anyone with a computer and an Internet connection, anywhere in the

world, including Arkansas.

During 2004, Plaintiff Barry Crabb accessed GoDaddy's website from a computer in Texarkana, Arkansas[1] and registered the domain name, www.mall111.com.  During 2005 and 2006, Plaintiff Matthew McBride accessed GoDaddy's website from a computer in Little Rock, Arkansas[2] and registered the domain names, www.insureark.com, www.dicksonstreetblog.com, www.dicksonstblog.com, and www.suckmydirk.com.  Thereafter, Plaintiffs filed this class action lawsuit against GoDaddy for unauthorized advertising on GoDaddy's "Parked Pages" in connection with their domain names registered with the company.[3]  GoDaddy seeks dismissal of this action for lack of personal jurisdiction and improper venue.  In the alternative, it seeks transfer of the case to the District of Arizona pursuant to 28 U.S.C. § 1404(a).  Plaintiffs oppose both motions.  The Court will address GoDaddy's motion to transfer under section 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).  Thus, in analyzing a motion to transfer under section 1404(a), the Court employs a three factor balancing test considering "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l. Inc.v. Miss. Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997).  However, the Court is not limited to only these three factors in determining whether a transfer is proper; instead, the Court must "weigh in the balance

---

[1] Texarkana, Arkansas is located in the Western District of Arkansas.

[2] Little Rock, Arkansas is located in the Eastern District of Arkansas.

[3] The original class action lawsuit against GoDaddy was filed by Matthew McBride on April 18, 2007.  On January 2, 2008, the complaint was amended and Barry Crabb was added as a plaintiff and class representative.

a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28, 108 S.Ct. 2239, 2244 (1988). It must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and all other relevant factors regarding the transfer. *Terra Int'l.,* 119 F.3d at 691. Ultimately, the Court enjoys "much discretion" when deciding whether to grant such a motion. *Id.* at 697.

As an initial matter, the Court must first determine whether the Plaintiffs could have brought this action in the District of Arizona. 28 U.S.C. § 1404(a). Under the general venue statute, a civil action founded only on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Under the statute, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). GoDaddy is headquartered in Arizona and is, thus, subject to personal jurisdiction in that district. Accordingly, Plaintiffs could have filed this case in the District of Arizona. The Court will now weigh the convenience and interests of justice factors, along with any other factors or circumstance that may be relevant, to determine if a transfer is warranted in this case. *Terra Int'l.,* 119 F.3d at 696.

*Convenience Factors*

When balancing the conveniences, the Court may consider such things as: 1) the convenience of the parties; 2) the convenience of the witnesses—including the willingness of the witnesses to appear; 3) the accessibility to records and documents; 4) the location where the

conduct complained of occurred; and 5) the applicability of each forum state's substantive law. *Id.* GoDaddy argues that the balance of conveniences favors transfer of this case because it is located in Arizona, along with virtually all its employees, the conduct at issue in the case took place in Arizona on GoDaddy's computer servers, the majority of the witnesses that will be called in the case are in Arizona and the sources of proof in the case are based in Arizona. In response, Plaintiffs claim that GoDaddy has not demonstrated that its chosen forum is inconvenient for the witnesses or the parties in the case.

In evaluating the convenience of the parties, the Court finds that this factor does not weigh in favor of either party. It is clearly more convenient for GoDaddy to proceed with this case in the District of Arizona where it is headquartered. And, although Plaintiffs are not residents of Arkansas or this district, it would clearly be more convenient for them to proceed in this forum.[4] However, merely shifting the inconvenience from one party to the other is not a permissible justification for a change of venue. *Id.* at 696-97; *R & R. Packaging, Inc. v. GAP Roofing, Inc.,* No. 06-5175, 2007 WL 162730, at *3 (W.D. Ark. Jan. 18, 2007). Therefore, this factor is neutral.

Next, the Court will consider the convenience of the witnesses which is the "most important factor in passing on a motion to transfer under § 1404(a)." *Am. Standard, Inc. v. Bendix Corp.,* 487 F. Supp. 254, 262 (W.D. Mo. 1980). With respect to this factor, the Court finds that the conduct at issue in the case took place in Arizona, thus, the majority of the

---

[4] Plaintiffs are residents of Texas. And, although they do not live in this district, they live closer to Arkansas than Arizona. Thus, it would be more convenient for Plaintiffs to pursue their claims in the Western District of Arkansas than in the District of Arizona.

witnesses are located in that state.  And, although, Plaintiffs claim that GoDaddy has 25,000 "active" customers in Arkansas, there is no indication that any of these individuals will be called as witnesses.  This is especially true in light of the fact that Plaintiffs' allegations focus on GoDaddy's conduct in Arizona, not on the behavior of potential class members in Arkansas.  Thus, it will be more convenient for the majority of the witnesses involved in the case to have it transferred to Arizona.  Thus, this factor weighs in favor of transfer.

In looking at the accessibility of evidence factor, it appears that all the documents and records relevant to the case are located in Arizona.  And, although electronic storage and transmission of evidence makes access less inconvenient as Plaintiffs claim, it does not make this factor "superfluous."  *In re Volkswagen of America, Inc.,* 546 F.3d 304, 316 (5th Cir. 2008).  Thus, because all the documents relating to GoDaddy's alleged wrongful conduct are located in Arizona, this factor weighs in favor of transfer.

As stated above, the conduct at issue in this case took place in Arizona.  The fact that Plaintiff Barry Crabb registered his domain name from a computer in this district does not change this fact.  GoDaddy's alleged unauthorized advertising complained of by Plaintiffs took place in Arizona.  Thus, this factor weighs in favor of transfer.

Finally, as to the applicability of substantive law, GoDaddy argues that when the Plaintiffs registered their domain names with GoDaddy they agreed that Arizona law would apply to all claims under the agreement.  Thus, the District of Arizona is more familiar with Arizona law than is the Western District of Arkansas.  However, federal courts routinely apply and interpret laws of other states.  *3M Co. v. Icuiti Corp.,* No. 05-2945, 2006 WL 1579816, at *4 (D. Minn. June 1, 2006).  Thus, the Court finds this factor to be neutral.

*Interests of Justice Factors*

When determining what is in the interests of justice under section 1404, the Court may consider: 1) judicial economy; 2) the plaintiff's choice of forum; 3) the comparative costs to the parties of litigating in each forum; 4) each party's ability to enforce a judgment; 5) obstacles to a fair trial; 6) conflicts of law; and 7) the advantage of having a local court determine questions of local law. *Terra Int'l.,* 119 F.3d at 696. GoDaddy contends that the interests of justice favor transfer to Arizona. Plaintiffs disagree and argue that their choice of forum should be given substantial deference. They also argue that the comparative costs to the parties weigh against transfer.

GoDaddy first argues that judicial economy favors transfer because, if this case is transferred, the Court will not need to address the more complex issues of jurisdiction and waiver raised in the case. However, while this may be true, there is no evidence before the Court indicating that the judicial resources that will be conserved will result in a speedier adjudication of this matter. Thus, the Court finds this factor neutral.

Next, GoDaddy argues that Plaintiff's choice of forum should be given no deference by the Court. Plaintiffs respond that their choice of forum should be given substantial deference in determining whether transfer is appropriate in this case. Generally, this is true. *Id.* at 695. (In general, federal courts give considerable deference to a plaintiff's choice of forum.). However, this choice is given less deference when the plaintiffs do not reside in the selected forum, or when the transaction or underlying facts did not occur there. *See Nelson v. Soo Line R. Co.,* 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (citations omitted). It is also given less deference when the case is brought as a nationwide class action. *Cordoza v. T-Mobile USA Inc.,* No. 08-5120,

2009 WL 723843, at * 4 (N.D. Cal. March 18, 2009) (citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987)).  In this case, Plaintiffs do not reside in the selected forum, i.e., the Western District of Arkansas.  Rather, they are residents of Texas.  And, although Plaintiff Barry Crabb registered his domain name from a computer in this district, the unauthorized advertising alleged in Plaintiff's complaint did not take place here.  Rather, it took place in Arizona where GoDaddy's computer servers are located.  And, finally, Plaintiffs filed this case as a national class action.  All three circumstances requiring less deference to Plaintiffs' choice of forum are present in this case.  Accordingly, the Court will give little or no deference to Plaintiffs' choice of forum.

With regard to the comparative costs to the parties, GoDaddy argues that if the case is not transferred to Arizona, virtually all the witnesses in the case will be required to travel to Arkansas for trial.  Thus, it will be substantially more expensive for GoDaddy to try this case in Arkansas, than it would for the two Plaintiffs to travel to Arizona.  The Court agrees and finds that this factor weighs in favor of transfer.

Lastly, GoDaddy contends that there is a valid forum selection clause[5] applicable in this case by which Plaintiffs agreed to litigate its claims against GoDaddy in Arizona.  It argues that, in light of this clause, the matter must be transferred to Arizona.  Plaintiffs refute the validity of the clause and claim that such a clause is not decisive, but, rather is just another factor to be weighed in determining whether transfer is appropriate under section 1404(a).  After evaluating

---

[5] The forum selection clause contained in GoDaddy's Universal Terms of Service Agreement states: You agree that any action relating to or arising out of this Agreement shall be brought in the courts of Maricopa County, Arizona.  Similar language is contained in GoDaddy's Domain Name Registration Agreement.

the forum selection clause at issue in this case, the Court finds that it is mandatory, enforceable and neither against public policy nor unconscionable. *See Narson v. GoDaddy.com, Inc.,* No. CV-07-22287 (S.D. Fla. Jan. 23, 2008) (slip op.). As such, it is a "significant factor that figures centrally" in the Court's determination if transfer is appropriate. *Terra Int'l.,* at 697 (quoting *Stewart,* 487 U.S. at 29, 109 S.Ct. at 2243-44). Accordingly, the forum selection clause in this case favors transfer.

The Court has considered all arguments presented regarding the transfer of this case and finds that GoDaddy has met its burden of proving that a transfer is warranted. Accordingly, the Court finds that GoDaddy's Motion to Transfer under 28 U.S.C. §1404(a) should be and hereby is **granted.** The Clerk of the Court is directed to transfer this action to the District Court for the District of Arizona for all further proceedings. In light of this transfer, GoDaddy's Motion to Dismiss for Lack of Jurisdiction and Improper Venue is **denied** as moot.

IT IS SO ORDERED, this 29th day of March, 2010.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge